EASTERN DIST.
*March*, 1840.

WHITEHEAD
*vs.*
ALBRITON.

WHITEHEAD *vs.* ALBRITON.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, JUDGE JOHNSON PRESIDING.

Where a party claimed title to a piece of land, or a sum of money for work done on it, and propounded interrogatories to his adversary to establish his claim, which negatived title, but left the money demand

doubtful, and the jury give a less sum than was claimed, their verdict will not be disturbed.

The plaintiff alleges, he has been in possession of one hundred acres of land more than a year, in accordance with an agreement between him and the defendant; that he was to pay five hundred dollars in five years, in equal annual instalments, for said land, and in the meantime have the privilege of cultivating a field of thirty-six acres, until he could open and clear twelve acres of the one hundred acre tract: That said defendant refuses to make title, or allow him to cultivate the field as agreed on, to his damage three hundred dollars; and that he has performed work and labor, on said land, worth four hundred dollars: He propounds interrogatories to the defendant, to be answered in court on the first day of the next term, touching the title to the land in question, and prays that if the answers affirm title, that he be decreed to be owner; but if they negative it, that he then have judgment for the sum of four hundred dollars, as the value of the work and labor he has expended on said land.

The defendant expressly negatived the question of title, but admits there was a conditional agreement that the plaintiff was to come and live on the land with his family, and that he did so, but failed to comply with the conditions of their agreement.

There was an answer denying the plaintiff's demand, and setting up a claim in reconvention: and upon the issue thus joined, testimony was taken and the cause submitted to a jury, who returned a verdict of two hundred and forty-two dollars for the plaintiff.

After an unsuccessful attempt to obtain a new trial, from judgment confirming this verdict, the defendant appealed.

*Elam,* for the plaintiff and appellant, insisted on the affirmance of the judgment.

*Brunot,* for the appellant, contended:

1st. There was error in the judgment of the court below. The answers of the defendant on facts and articles, are uncon-

tradicted and must be taken as true. Vide *article of the Code of Practice*, 354 ; 11 *Louisiana Reports*, 356.

2nd. Taking the answers of the defendant as true to the interrogatories on facts and articles, the plaintiff got possession of the defendant's land in bad faith, and could not thus acquire a claim against him for improvements. This would enable a party to take advantage of his own wrong. Vide *article Civil Code*, 3415, 3416.

*Bullard, J.*, delivered the opinion of the court.

The plaintiff alleges, that he entered into a contract with the defendant for the purchase of a part of his land, for five hundred dollars, payable in five years, in equal instalments, he agreeing to pay interest at ten per cent. on the purchase, until the principal should be paid, and that he was to have the use of an undivided half of a field, containing about twenty-four acres, to cultivate until he could clear, fence and put under cultivation, twelve acres of the said land. He alleges, that he has paid forty-two dollars on account of the interest, and that he entered upon possession in pursuance of said agreement, and has made valuable improvements, but that the defendant, in violation of his agreement, had prevented him from cultivating one half of the field. He sues for a title to one hundred acres, according to agreement and propounds interrogatories to the defendant, touching the contract, and he prays that should said contract be negatived by the defendant's answers on oath, then he may have judgment for four hundred dollars, for work and labor done on the premises.

The defendant denies, on oath, the contract, as set forth in the petition. The case was submitted to a jury, who found a verdict for the plaintiff for two hundred and forty dollars, and the defendant appealed.

It is contended by the appellant, that his answers to interrogatories are to be taken as true, and they show that the plaintiff got into possession in bad faith, and cannot recover for improvements. As relates to the title to the land, it is true, the answers are conclusive ; but with respect to the

value of the labor done on the place, and to what extent the defendant has profited by it, was left to the jury. The case turned wholly upon matters of fact, and we are not satisfied that justice requires, at our hands, a reversal of the judgment.

EASTERN DIST.
*March*, 1840.

The judgment, is, therefore, affirmed with costs.